UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

---

JOSE ROMAN, SR.
      Plaintiff

Vs.        :   No. 1:10-CV-1259

FREDERICK W. FUHRMAN POST NO. 23
VETERANS OF FOREIGN WARS OF THE
UNITED STATES, INC.; LEBANON
VALLEY TEENER BASEBALL LEAGUE;
and JOHN DOES 1-10,
      Defendants

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, FREDERICK W. FUHRMAN POST NO. 23 VETERANS OF FOREIGN WARS OF THE UNITED STATES, INC.'S RULE 12 MOTION TO DISMISS OR, IN THE ALTERNATE, FOR A MORE DEFINITE STATEMENT

I.     STATEMENT OF THE CASE

     A.     FACTUAL HISTORY

Plaintiff, Jose Roman Sr., is an adult individual and citizen, currently residing at 412 North Jones Street, Lebanon, Pennsylvania, 17046 ("Plaintiff"). Defendant, Frederick W. Fuhrman Post No. 23 Veterans of Foreign Wars of the United States, Inc., is a non-profit corporation operating and organized under the laws of the Commonwealth of Pennsylvania ("VFW"). Defendant, Lebanon Valley City County Teener Baseball League, is an unincorporated association organized for the purposes of promoting youth baseball in the Lebanon Valley (Lebanon Valley Teeners").

B. PROCEDURAL HISTORY

On June 15, 2010, Plaintiff filed a Complaint in the United States District Court for the Middle District of Pennsylvania. Plaintiff's Complaint includes causes of action under Title VII, the Fair Labor Standards Act, the Pennsylvania Unfair Discrimination statute, 42 U.S.C. 1981 and 42 U.S.C. 1985. This Motion follows.

II. STATEMENT OF QUESTIONS INVOLVED

    A. SHOULD COUNT I OF PLAINTIFF'S COMPLAINT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION AND/OR FAILURE TO STATE A CLAIM WHEN PLAINTIFF HAS FAILED TO AVER EXHAUSTION OF AND FAILED TO SUBSTANTIVELY EXHAUST HIS ADMINISTRATIVE REMEDIES?

        SUGGESTED ANSWER: Yes.

    B. SHOULD COUNT II OF PLAINTIFF'S COMPLAINT BE DISMISSED FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE AMENDED TO PROVIDE A MORE DEFINITE STATEMENT WHEN PLAINTIFF HAS FAILED TO ALLEGE ANY FACT INDICATING A VIOLATION 29 U.S.C. 215(a)(5)?

        SUGGESTED ANSWER: Yes.

    C. SHOULD COUNT III OF PLAINTIFF'S COMPLAINT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION AND/OR FAILURE TO STATE A CLAIM WHEN PLAINTIFF HAS FAILED TO AVER EXHAUSTION OF OR SUBSTANTIVELY EXHAUST HIS ADMINISTRATIVE REMEDIES?

        SUGGESTED ANSWER: Yes.

    D. SHOULD PLAINTIFF BE REQUIRED TO AMEND COUNT IV OF HIS COMPLAINT TO PROVIDE A MORE DEFINITE STATEMENT WHEN PLAINTIFF HAS FAILED TO MEET THE REQUIREMENTS OF FED.R.C.P. 8 AND HIS PLEADING IS SO VAGUE OR AMBIGUOUS THAT THE OPPOSING PARTY CANNOT RESPOND EVEN WITH A SIMPLE GOOD-FAITH DENIAL?

        SUGGESTED ANSWER: Yes.

E.  SHOULD COUNT V OF PLAINTIFF'S COMPLAINT BE DISMISSED FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATE, PLAINTIFF BE REQUIRED TO AMEND HIS COMPLAINT TO PROVIDE A MORE DEFINITE STATEMENT WHEN PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT TO PROVE A VIOLATION OF 43 U.S.C. 1985?

SUGGESTED ANSWER: Yes.

III. ARGUMENT

A.  COUNT I OF PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

In Count I of Plaintiff's Complaint, Plaintiff alleges a civil rights violation under 42 U.S.C. 2000(e). Specifically, Plaintiff alleges that Defendant's actions were discriminatory on the basis of race, color and national origin.

Substantively, to bring a complaint under 42 U.S.C. 2000(e), a plaintiff must first exhaust his administrative remedies by filing a complaint with the EEOC. Alexander v. Gardner-Denver Co., 415 U.S. 36, 47 (1974); Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465 470 (3d Cir. 2001). Once administrative remedies are exhausted, the EEOC issues to the prospective plaintiff a "right to sue letter." The receipt of this letter entitles the plaintiff to initiate a civil action. No civil action may be brought prior to the issuance of a "right to sue letter" and federal courts do not have subject matter jurisdiction over the claim as it is not sufficiently ripe. 42 U.S.C. 2000(e)-(5)(B)(f); Alexander v. Gardner-Denver Co., Id.

Fed.R.C.P. 8(a)(1) requires that Plaintiff make a "short and plain statement of the grounds for the Court's jurisdiction". Fed R.C.P. 8(a)(2) requires that a Plaintiff "make a short and plain statement of the claim showing that the pleader is entitled to relief".

3

When a plaintiff brings a complaint under a cause of action in which exhaustion of administrative remedies is a prerequisite to filing a civil action, such as 42 U.S.C. 2000 Third Circuit Courts, including this Court, have held that the plaintiff must allege exhaustion of administrative remedies and/or the issuance of a right to sue letter in order to meet the requirements of Fed.R.C.P. 8(a)(1) or (2). Gooding v. Warner-Lambert Co., 744 F.2d 354, 358 (3d Cir. 1984); Rife v. Borough of Dauphin, 625 F.Supp. 2d 212 (M.D. Pa. 2008). Additionally, as stated above, a plaintiff must substantively exhaust administrative remedies.

This Court and its direct superior have held that a motion to dismiss for failure to exhaust administrative remedies, or to so allege, may be brought alternatively under 12(b)(1) ( lack of subject matter jurisdiction) Rife v. Borough of Dauphin, 625 F.Supp. 2d 212 (M.D. Pa. 2008); Robinson v. Dalton 107 F.3d 1018 (3rd Cir Pa. 1997) or 12(b)(6) (failure to state a claim) Albright v. Keystone Rural Health Center, 320 F.Supp 2d 286 (M.D. Pa 2004); Wilson v. MVM, Inc., 475 F.3d 166, 175 (3rd Cir Pa. 2007).

Substantively the difference between bringing a motion to dismiss under 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim is one of the burdens of proof. A Motion to dismiss brought under 12(b)(1) confers a more favorable burden upon the party seeking dismissal. Under Fed.R.Civ.P. 12(b)(1), plaintiffs bear the burden of persuading the court that subject matter jurisdiction exists. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir.1991). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, as does Defendant's motion, no presumptive truthfulness attaches to Plaintiff's allegations and the Court may weigh substantive evidence. Gotha v. United States, 115 F.3d 176, 179 (3d Cir.1997) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891-92 (3d Cir.1977)).

Conversely a 12(b)(6) motion to dismiss puts the burden on the party moving for dismissal. In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, <u>Erickson v. Pardus</u>, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007), and all reasonable inferences permitted by the factual allegations, <u>Watson v. Abington Twp.</u>, 478 F.3d 144, 150 (3d Cir.2007), viewing them in the light most favorable to the plaintiff. <u>Kanter v. Barella</u>, 489 F.3d 170, 177 (3d Cir.2007). Still a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see <u>Papasan v. Allain</u>, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

Under either standard, it is well settled that claimants must exhaust prior administrative remedies and so allege in their Complaint before bringing a civil action in court. <u>Burgh v. Borough Council of Borough of Montrose</u>, 251 F.3d 465, 469 (3d Cir.2001).

In the instant case, Plaintiff has failed to allege exhaustion of administrative remedies or the issuance of a right to sue letter with regard to Count III of his Complaint. Moreover, it is the contention of Defendant that Plaintiff has failed to exhaust these requirements. Defendant, Frederick W. Fuhrman Post No. 23 moves for dismissal for lack of subject matter jurisdiction or in the alternative failure to state a claim.

    B.    COUNT II OF PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATE, PLAINTIFF SHOULD BE REQUIRED TO AMEND HIS COMPLAINT TO PROVIDE A MORE DEFINITE CLAIM.

In Count II of Plaintiff's Complaint, Plaintiff alleges violations of § 29 U.S.C. 215(a)(5) of the Fair Labor Standards Act.

Plaintiff fails to state a claim under that station of the statute. Pursuant to Fed.R.C.P. 8(a)(2), a complaint must set forth a short and plan statement of the claim showing that the pleader is entitled to relief. Rule 8 requires a showing rather than a blanket assertion of entitlement to relief and contemplates the statement of circumstances, occurrences and events in support of the claims presented and does not authorize a pleader's bare assertion that he wants relief and is entitled to it. Bell Atlantic Telephone Corp. et al v. William Twombly, et al, 127 S. Ct. 1955 (2007).

In the instant case, Plaintiff makes his claim under § 29 U.S.C. 215(a)(5) of the Fair Labor Standards Act. 215(a)(5) provides as follows:

> "It shall be unlawful for any person to violate any of the provisions of §211(c) of this Title or any regulation or order made or continued under the provisions of § 211(d) of this Title or to make any statement, report, or record filed or kept pursuant to the provisions of such section or of any regulation or order thereunder, knowing such statement, report, or record to be false in a material respect."

29 U.S.C. 211(c) relates to an employer's duty to keep records of the persons employed by it and of the wages, hours and other conditions and practices of employment maintained by him. 29 U.S.C. 211(d) relates to prohibition of "industrial homework".

Nowhere in Plaintiff's Complaint has Plaintiff alleged any facts relating to the failure of any Defendant to comply with the provisions of 29 U.S.C. 211(c) or 211(d). Instead, Plaintiff asserts that he complained about an alleged "English only" policy promulgated by one or all of the Defendants. As such, Plaintiff fails to state a claim under 29 U.S.C. 215(a)(5).

Without any admissions thereto, assuming for a moment that Plaintiff intended to bring his Complaint under § 215(a)(3) as opposed to (a)(5), Plaintiff's Complaint still fails to comply with the requirements of Rule 8(a)(2). Plaintiff fails to identify which Defendant violated the Fair Labor Standards Act with respect to him or even that he was employed by any one

Defendant. For a plaintiff to be protected under the Fair Labor Standards Act, he must show an employment or similar relationship with a particular employer or organization. 29 U.S.C. 203(g)

Moreover, with multiple Defendants a Plaintiff must identify which Defendant violated the Fair Labor Standards Act with respect to him. To generally aver that Defendants violated his rights under the Fair Labor Standards Act is not sufficiently specific to allow any one Defendant to reasonably respond. Count II of Plaintiff's Complaint should be dismissed for failure to state a claim or, in the alternate, Plaintiff should be required to amend its Complaint to provide a more definite statement.

    C.    COUNT III OF PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

In Count III of Plaintiff's Complaint, Plaintiff alleges a violation of 43 P.S. 955(a). In order to bring a complaint under 43 P.S. 955(a), there is an exhaustion of administrative remedies requirement. Specifically, a plaintiff is required to exhaust his administrative remedies by filing with the Pennsylvania Human Rights Commission ("PHRC") or EEOC prior to bringing suit in Federal District Court. Marriott Court v. Alexander, 799 A.2d 205 (Cmwlth. 2002).

Fed.R.C.P. 8(a)(1) requires that a plaintiff make a "short and plain statement of the grounds for the Court's jurisdiction". Fed R.C.P. 8(a)(2) requires that a plaintiff "make a short and plain statement of the claim showing that the pleader is entitled to relief".

When a plaintiff brings a complaint under a cause of action in which exhaustion of administrative remedies is a prerequisite to filing a civil action, Third Circuit Courts, including this Court, have held that the plaintiff must allege exhaustion of administrative remedies and/or the issuance of a right to sue letter in order to meet the requirements of Fed.R.C.P. 8(a)(1) or (2).

Gooding v. Warner-Lambert Co., 744 F.2d 354, 358 (3d Cir. 1984); Rife v. Borough of Dauphin, 625 F.Supp. 2d 212 (M.D. Pa. 2008).

This Court and its direct superior have held that a motion to dismiss for failure to exhaust administrative remedies, or to so allege, may be brought alternatively under 12(b)(1) ( lack of subject matter jurisdiction) Rife v. Borough of Dauphin, 625 F.Supp. 2d 212 (M.D. Pa. 2008); Robinson v. Dalton, 107 F.3d 1018 (3rd Cir Pa. 1997) or 12(b)(6) ( failure to state a claim) Albright v. Keystone Rural Health Center, 320 F.Supp 2d 286 (M.D. Pa 2004); Wilson v. MVM, Inc., 475 F.3d 166, 175 (3rd Cir Pa. 2007).

Substantively the difference between bringing a motion to dismiss under 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim is one of burden of proof. A Motion to dismiss brought under 12(b)(1) confers a more favorable burden upon the party seeking dismissal. Under Fed.R.Civ.P. 12(b)(1), plaintiffs bear the burden of persuading the court that subject matter jurisdiction exists. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir.1991)When the motion attacks the existence of subject matter jurisdiction in fact, as does Defendant's motion, no presumptive truthfulness attaches to Plaintiff's allegations and the Court may weigh substantive evidence. Gotha v. United States, 115 F.3d 176, 179 (3d Cir.1997) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891-92 (3d Cir.1977)).

Conversely a 12(b)(6) motion to dismiss puts the burden on the party moving for dismissal. In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007), and all reasonable inferences permitted by the factual allegations, Watson v. Abington Twp., 478 F.3d 144, 150 (3d Cir.2007), viewing them in the light most favorable to the plaintiff. Kanter v. Barella, 489 F.3d 170, 177 (3d Cir.2007). Still a

plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

Under either standard, it is well settled that claimants must exhaust prior administrative remedies and procedures under 43 P.S. 955(a) before bringing a civil action in court. Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 469 (3d Cir.2001).

In the instant case, Plaintiff has failed to allege exhaustion of administrative remedies or the issuance of a right to sue letter with regard to Count III of his Complaint. Moreover, it is the contention of Defendant that Plaintiff has failed to exhaust these requirements. Defendant, Frederick W. Fuhrman Post No. 23 moves for dismissal for lack of subject matter jurisdiction or in the alternative failure to state a claim.

D. PLAINTIFF SHOULD BE REQUIRED TO AMEND COUNT IV OF HIS COMPLAINT TO PROVIDE A MORE DEFINITE STATEMENT.

In Count IV of Plaintiff's Complaint, Plaintiff alleges violations of 42 U.S.C. 1981. Plaintiff's Complaint is so vague and ambiguous that a more definitive statement is required.

Pursuant to Fed.R.C.P. 8(a)(2), a complaint must set forth a short and plain statement of the claim showing the pleader is entitled to relief. Rule 8 requires a showing rather than a blanket assertion of entitlement to relief and contemplates the statement of circumstances, occurrences and events in support of the claim presented and does not authorize a pleader's bare assertion that he wants relief and is entitled to it. Bell Atlantic Telephone Corp. v. Twombly, et al, 550 U.S. 544, 570 (2007). When the pleading is so vague or ambiguous that the opposing party cannot respond even with a simple good-faith denial without prejudice to itself, a more

definite statement, pursuant to Fed.R.C.P. 12(e), is appropriate. <u>Sunco v. Vassar Design and Contractors Inc.</u>, 939 F.Supp. 365 (E.D. Pa. 1996).

In order to bring an action under 42 U.S.C. 1981, a plaintiff must show (1) that he belongs to a racial minority, (2) that the defendant intended to discriminate against him based on race and (3) that the discrimination concerned one of the activities enumerated in § 1981. <u>Pryor v. Nat'l Collegiate Athletic Assoc.</u>, 288 F.3d 548, 569 (3d Cir. 2002).

Plaintiff, in his Complaint, fails to plead the elements of his cause of action with sufficient specificity that an opposing party could respond with even a simple good-faith denial without prejudice to itself. Specifically, in his Complaint, Plaintiff failed to assert how any particular Defendant, and specifically Defendant VFW, intended to discriminate against him based on race. Further, Plaintiff fails to assert how the discrimination in question affected any of the activities enumerated in § 1981.

E.   COUNT V OF PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATE, PLAINTIFF SHOULD BE REQUIRED TO AMEND ITS COMPLAINT TO PROVIDE A MORE DEFINITE STATEMENT.

In Count V of Plaintiff's Complaint (mislabeled as the second Count IV in the actual document), Plaintiff alleges violations of 42 U.S.C. 1985.

Pursuant to Fed.R.C.P. 8(a)(2), a complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Rule 8 requires a showing rather than a blanket assertion of entitlement to relief and contemplates the statement of circumstances, occurrences and events in support of the claim presented and does not authorize the pleaders their assertion that he wants relief and is entitled to it. <u>Bell Atlantic Telephone Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). Dismissal pursuant to 12(b)(6) is only appropriate only if

accepting as true all well-pleaded allegations and viewing them in the light most favorable to the Plaintiff. Plaintiff has not pleaded enough facts to state a claim to relief that is plausible on its face. Id.

In order to properly state a claim under 42 U.S.C. 1985, a plaintiff must allege (1) a conspiracy, (2) that the conspiracy was motivated by racial or class-based animus, (3) an action taken in furtherance the conspiracy by the conspirators (4) and deprivation of property or injury or deprivation of plaintiff's privileges or immunities as a citizen of the United States. Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997). The essential elements of a civil conspiracy are (1) a combination of two or more persons acting with a common purpose to do an unlawful act by an unlawful means or with an unlawful purpose, (2) an overt act done in pursuance of a common purpose and (3) actual legal damage. Phillips v. Seliq, 959 A.2d 420, 437 (Pa. Super. 2008).

To survive a Motion to Dismiss, the allegations of conspiracy must be sufficient to "describe the general composition" of the conspiracy, some or all of the broad objectives and defendant's general role in that conspiracy. Rose v. Bartle, 871 F.2d 331, 336 (3d Cir. 1989). This degree of specificity does not conflict with the general federal requirement of notice of pleading. Loftus v. SEPTA, 843 F.Supp. 981, 988 (E.D. Pa. 1994). In Loftus, the failure to identify which defendants engaged in the conspiracy or even to name any of the relevant defendants was grounds for a motion for dismissal.

In Plaintiff's Complaint, Plaintiff fails to aver which Defendants of those named engaged in the alleged conspiracy. Plaintiff's Complaint includes John Does 1-11, as well as two named Defendants, and Plaintiff has failed to state whether the named Defendants were part of or wholly constitute the conspiracy, whether it was the "John Does" that are part of or wholly constitute the conspiracy, or some combination of the above. Plaintiff also fails to aver how the

Defendants were in agreement to violate Plaintiff's civil rights (the objective of the conspiracy) and when and in what way Defendants took action to further the conspiracy. The Complaint fails to delineate whether the overt act in furtherance of the conspiracy was Defendant's alleged termination as coach, alleged defamatory statements made about Defendants subsequent thereto, Defendant's alleged refusal to remove the "English only" policy, or any combination of the above. Count V of Plaintiff's Complaint should be dismissed for failure to state a claim.

Alternatively, the vague and ambiguous nature of Plaintiff's Complaint meets the standard outlined above for requiring the Complaint to include a more definite statement of the facts surrounding Plaintiff's claim. Here, as in Sunco v. Vassar Design and Contractors Inc., 939 F.Supp. 365 (E.D. Pa. 1996), the pleading is so vague and ambiguous that the opposing party cannot respond with even a simple good-faith denial without prejudice to itself. A more definite statement is appropriate.

IV.   CONCLUSION

For the reasons set forth above, Defendant, Frederick W. Fuhrman Post No. 23 Veterans of Foreign Wars of the United States Inc., requests the relief as set forth in Defendant's Motion to Dismiss or, in the alternate, for a more definite statement.

Respectfully submitted,

REILLY, WOLFSON, SHEFFEY, SCHRUM
AND LUNDBERG LLP

By: _____
Jacob C. Lehman, ID #306808
Counsel for Defendant VFW

Date: August 5, 2010